UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| HANCOCK WHITNEY BANK<br><br>Plaintiff,<br><br>v.<br><br>AMZ OFFICE HOLDINGS, LLC, DIKE NERREN, AND LISA MARIE NERREN<br><br>Defendants. | Civil Action No. _____ |

## COMPLAINT

**COMES NOW**, Hancock Whitney Bank, a Mississippi state chartered bank, organized and existing under the laws of the state of Mississippi with its principal place of business in Gulfport, Mississippi ("Bank"), and files this Complaint and respectfully states as follows:

### Parties

1.

Bank is a Mississippi state chartered bank, organized and existing under the laws of the State of Mississippi with its principal place of business in Gulfport, Mississippi.

2.

Defendant, AMZ Office Holdings, LLC ("AMZ"), is a Texas limited liability company. Upon information and belief, and based on information obtained from Dike Nerren, all of AMZ's members are citizens of Texas.

3.

Defendant, Dike Nerren ("Mr. Nerren"), is an individual of the full age of majority residing in Dallas County, Texas.

22720118_3

4.

Defendant, Lisa Marie Nerren ("Mrs. Nerren"), is an individual of the full age of majority residing in Dallas County, Texas.

## Jurisdiction

5.

This Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and all Defendants, and because the amount in controversy exceeds $75,000, excluding interest and costs. Bank is considered a citizen of the State of Mississippi because it is a Mississippi state chartered bank, organized and existing under the laws of Mississippi, with its principal place of business in Gulfport, Mississippi. 28 U.S.C. § 1332(c)(1). Defendant, AMZ, is a citizen of Texas because its members are citizens of Texas. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Defendants, Mr. Nerren and Mrs. Nerren, are also citizens of the state of Texas. Accordingly, there is complete diversity of citizenship between Plaintiff and all Defendants. Bank seeks recovery of more than $75,000, excluding interest and costs, which satisfies the amount in controversy requirement.

6.

This Court has personal jurisdiction over each Defendant because Defendants are domiciled in Texas and regularly transact business in Texas. Further, this action arises from a promissory note, commercial guaranty agreements, and related agreements between Bank and Defendants that contain obligations that were to be performed in Texas.

**Venue**

7.

Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (2). All Defendants are all domiciled in this District and the State of Texas. Further, the obligations owed under the promissory note and guaranty agreements described below arise from AMZ's ownership and operation of commercial real estate located in this District and Division.

**Facts & Claims**

8.

AMZ executed that certain promissory note dated September 2, 2016 in favor of MidSouth Bank, N.A. ("MSB") in the original principal amount of $826,000.00 (the "Note"). A copy of the Note is attached hereto and made a part hereof as "Exhibit A."

9.

Bank, a Mississippi state chartered bank, is successor by merger to MSB. As a result, Bank is now the owner and holder of the Note and all obligations owed by Defendants to MSB, as further described below, are now owed to Bank.

10.

Each of Mr. Nerren and Mrs. Nerren executed a "Commercial Guaranty" (the "Guarantees") in favor of MSB (now Bank), copies of which are attached hereto and made a part hereof as "Exhibit B." As set forth in the Guarantees, Mr. Nerren's and Mrs. Nerren's guarantees are continuing, create a solidary obligation with AMZ to MSB (now Bank), and further obligate Mr. Nerren and Mrs. Nerren to unconditionally and absolutely to pay Bank all indebtedness AMZ owes to Bank.

11.

The amounts granted to AMZ by the Note were used to develop real property located in this District in Tarrant County, Texas, which property was also pledged as collateral for the amounts due under the Note.

12.

Specifically, AMZ executed that certain Deed of Trust, dated September 2, 2016, on property located in this District in Tarrant County, Texas (the "Deed of Trust"). The Deed of Trust was recorded as Clerk's File as No. D216213259 of the Real Property Records of Tarrant County, Texas. The Deed of Trust applied to all Indebtedness of AMZ to MSB (now Bank), including, without limitation, the Note.

13.

After AMZ failed to pay the Note, despite demand, Bank caused the property subject to the Deed of Trust located in Tarrant County, Texas to be sold pursuant to Texas' non-judicial foreclosure process on June 2, 2020. A copy of the Substitute Trustee's Deed is attached hereto as "Exhibit C."

14.

The sale amount of the property subject to the Deed of Trust was insufficient for payment of the full indebtedness owed under the Note. The entire sale amount was applied against the principal balance owed on the Note. Because a post-sale deficiency remained, Bank made demand on Defendants, Mr. Nerren and Mrs. Nerren, for the full amounts due under the Note post-sale. A copy of the June 16, 2020 Demand Letter to Mr. Nerren and Mrs. Nerren, is attached hereto and incorporated herein by reference as "Exhibit D."

15.

As of April 12, 2021, the amounts due Bank under the Note, after all credit due from the June 2, 2020 substitute trustee's sale, are as follows:

| Note | Amount |
| --- | --- |
| Principal Balance Post-Sale | $279,927.76 |
| Accrued Interest as of April 12, 2021 | $44,622.26 |
| Late Fees | $2,685.30 |
| Appraisal Costs | $2,950.00 |
| Phase I Environmental Cost | $1,900.00 |
| Total Post-Sale Deficiency as of April 12, 2021 | $332,085.32 |
| Per Diem Interest After April 12, 2021 | $36.93 |

16.

Defendants are liable, *in solido*, for all amounts due to Bank pursuant to the Note and Guarantees. As of April 12, 2021, the amount due for principal, accrued interest, late fees, and other charges totals $332,085.32.

17.

In addition to accrued and accruing interest, the Note and Guarantees provide for attorneys' fees in the event of default and collection. Accordingly, Defendants are also liable and indebted to Bank, *in solido*, for the attorneys' fees incurred prior to and during these proceedings and any subsequent collection efforts, to the extent set forth in the Note and the Guarantees.

## PRAYER

**WHEREFORE**, Hancock Whitney Bank prays that this Complaint be served on AMZ Office Holdings, LLC, Dike Nerren, and Lisa Marie Nerren, and that judgment be rendered

22720118_3

herein in favor of Hancock Whitney Bank and against Defendants, *in solido*, for the full principal amount of the Note for $279,927.76, accrued interest due and owing in the amount of $44,622.26 as of April 12, 2021, and continuing at a rate of $36.93 per diem thereafter, and $7,535.30 in other charges and fees as of April 12, 2021; plus all other costs, including attorneys' fees, as provided for in the Note and Guarantees. Hancock Whitney Bank also prays for all other just and equitable relief, including any other interest and costs that may be required or allowed by law.

Respectfully submitted,

By:   /s/ J. Eric Lockridge

J. Eric Lockridge (SBOT 24013053)
eric.lockridge@keanmiller.com
Kean Miller LLP
400 Convention Street, Suite 700
P. O. Box 3513 (70821-3513)
Baton Rouge, LA 70802
Telephone: (225) 387-0999

***Attorneys for Hancock Whitney Bank***

22720118_3